UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
                    v.          )     CR NO. 03-30036-MAP
                                )
JOSE SANTOS,                    )
          Defendant             )

MEMORANDUM AND ORDER REGARDING
SENTENCE ENHANCEMENT
PURSUANT TO 21 U.S.C. § 851(a)(1)

September 29, 2005

PONSOR, D.J.

Defendant is charged with participation in a conspiracy

to possess with intent to distribute, and to distribute,

more than 50 grams of cocaine base in the form of crack

cocaine.  Ordinarily, the defendant, if convicted of this

offense, would face a minimum mandatory term of ten years

imprisonment.  See 21 U.S.C. § 841(b)(1)(A)(iii).  However,

in this case the government has filed an information

pursuant to 21 U.S.C. § 851(a)(1), notifying the defendant

that it will rely upon a prior felony conviction to increase

the minimum mandatory sentence to twenty years.  Docket No.

28.  Specifically, the information charges that, following a

plea of guilty by the defendant on December 6, 2001, in the

Holyoke District Court, he was convicted of distribution of a Class B controlled substance, crack cocaine.

The defendant has the right to challenge the validity of this prior conviction before sentencing.  Such a challenge may include the contention that the prior conviction "was obtained in violation of the Constitution of the United States. . . ."  21 U.S.C. § 851(c)(2).  In most cases, any challenge of this sort would be made by the defendant following a plea of guilty, or conviction after trial.  In the particular circumstances of this case, however, the court has allowed the defendant to challenge the prior conviction before making the decision whether to plead.  See Docket No. 67.

On August 9, 2005, the court heard evidence relating to the circumstances of the previous felony drug conviction. The defendant offered his own testimony and that of the attorney who represented him during his previous prosecution.  The government offered the testimony of the Holyoke police officer whose investigation led to the defendant's arrest on the prior charge.  For the reasons set forth below, the court finds that this prior conviction

suffers no constitutional infirmity and that it may be

considered in sentencing if the defendant pleads guilty or

is found guilty after trial.

The background facts are straightforward. Holyoke

policeman Edgar Orlando Lopez, a fifteen-year veteran of the

Holyoke Police Department, testified that in May of 2000,

after having been invited onto the premises by the landlord,

he secretly witnessed the defendant sell a rock of crack

cocaine to one Roman Correa in a stairwell on 395 Main

Street in Holyoke. Crack cocaine was found on Correa when

he was stopped after the transaction and, according to the

state prosecutor, Correa admitted that he had purchased the

crack from the defendant. When the defendant was searched at

the time of his arrest, two rocks of crack cocaine were

discovered in his shoe between his toes.

On May 11, 2000, the Holyoke Police Department filed a

criminal complaint against the defendant in Holyoke District

Court, charging him with (1) conspiracy to violate the drug

laws, (2) distribution of cocaine, (3) a drug violation near

a school or park, and (4) trespassing. Approximately a year

later, on May 8, 2001, the Commonwealth's motion to amend

the complaint was allowed.   The paperwork related to this motion is somewhat confusing.   The clerk's entry suggests that the amendment was to Count 3 of the complaint, but the subsequent record in the case suggests that the amendment was actually to Count 2 of the complaint, altering the charge from distribution of "cocaine" to distribution of "class B," i.e., cocaine in the form of crack.

During the hearing before this court, defendant testified that he did not know Correa at the time of his arrest and had never sold crack to him.   After his arrest defendant managed to locate Correa, who apparently indicated he would be willing to appear at defendant's trial and testify that he never purchased crack from the defendant. Prior to his trial date, defendant brought Correa to the office of his attorney, Kim Rosen, but the attorney was away.   Defendant testified that he told his attorney that he was innocent of the charge of distributing crack and that he assumed his attorney would subpoena Correa to his trial.

On December 6, 2001, the defendant appeared at the Holyoke District Court for trial with counsel but found that Correa had not been subpoenaed and was not present.

4

Attorney Rosen testified during the hearing before this court that, while his recollection of the case was fuzzy, he recalled being informed that Correa would contest the facts being offered by the prosecutor. He also stated that he may have considered but certainly decided not to file a motion to suppress the evidence seized at the time of the defendant's arrest because he did not think it would be successful. On the day of trial he approached the prosecutor and attempted to negotiate a favorable disposition of the charges.

Rosen testified that -- in his own mind at least -- his efforts were not only not "ineffective," but actually favorable to the defendant. As a result of their discussions, the prosecutor agreed to dismiss the charge of distributing drugs in a school zone, which carried a two-year minimum mandatory jail term. Moreover, the prosecutor allowed the defendant to engage in a process called a "defendant-capped plea." Under this procedure, the Commonwealth and the defendant each made a proposal to the court, with the understanding that if the Commonwealth's proposal were accepted, the defendant would have the right

to withdraw his plea and go to trial.

During this plea proceeding the defendant signed a printed form entitled "Tender of Plea or Admission/Waiver of Rights." Government Exhibit 1. In this form defendant admitted facts sufficient to support a finding of guilty on Count 2 of the complaint, distribution of Class B. A tape recording of the plea proceeding also confirms that the defendant understood his rights and voluntarily waived them. Government Exhibit 3.

Attorney Rosen's presentation to the judge, including his reference to potential valuable evidence that the defendant might produce at trial from Correa, convinced the judge to adopt the defendant's proposal, and the defendant both avoided trial and received a probationary sentence. The prosecutor had requested a sentence of eighteen months confinement.

The defendant contends that his counsel's representation of him in the 2001 state court proceeding so drastically fell below the level of effectiveness required that it constituted a violation of his constitutional rights. He testified before this court, in essence, that

when he arrived at his trial on December 6, 2001, he felt he would have no chance of prevailing at trial without Correa, that he was likely to receive a two-year mandatory sentence at least, and that he had no choice but to plead guilty.[1] The defendant argues that Attorney Rosen should have filed a motion to suppress the drugs, failed to adequately investigate the defendant's claim of innocence, and failed to subpoena Correa. He also argues that he did not fully understand the charge to which he pled guilty. None of these arguments carries any weight.

Officer Lopez' testimony confirmed that he was on the premises at the invitation of the apartment building's owner, with a specific mandate to attempt to curb drug activity. It is thus highly unlikely that a motion to suppress the drugs would have been allowed. Moreover, any claim of innocence on the defendant's part would have run into difficult evidentiary problems. The defendant himself was discovered with two rocks of crack cocaine between his toes when searched after arrest. The officer was prepared

---

1 The court's recitation of the evidence is based on notes taken during the testimony. No transcript has been prepared, and none is necessary.

to testify that he in fact actually saw the defendant handing a rock of crack to Mr. Correa.  The Commonwealth, moreover, was prepared to offer testimony that Correa, whatever he might say at trial, had confessed to the officers at the time of his arrest that the defendant had sold him the rock of crack.  It is perhaps conceivable that a jury would have found that the Commonwealth had failed to carry its burden of proof on this evidence.  It is equally likely, or perhaps more likely, that a conviction would have resulted, and the defendant would have faced a mandatory two-year sentence.

Defendant's claim that he was not adequately informed of the charge that he was pleading guilty to is without merit.  The confusion as to the effect of the amendment to the complaint is a technicality not reaching constitutional dimensions.  The cassette recording of the plea colloquy, though somewhat confusing, confirms that the charge against the defendant specified possession with intent to distribute, and/or actual distribution of crack cocaine, and that is essentially what he pled guilty to.

The plea negotiated by Attorney Rosen for the defendant

in December 2001 was a good deal; it has only become a bad
deal now when the defendant has again been arrested for drug
activity and faces a possible enhanced sentence based on the
earlier conviction.  In order to conclude that Rosen's
representation of the defendant was, as a constitutional
matter, "ineffective," the court must find both that
counsel's performance was "deficient" and that this
deficiency worked a prejudice on the defendant.  United
States v. Colon-Torres, 382 F.3d 76, 85-86 (1st Cir. 2004),
(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).
On the facts recited, counsel may have made a tricky
tactical choice in recommending that his client plead, but
that choice certainly fell well within an attorney's "wide
range of professionally competent assistance." Strickland
at 690.

For the foregoing reasons, the court finds that no
constitutional infirmity will affect consideration of the
defendant's prior drug conviction if this case should reach
the sentencing stage.  The clerk is ordered to set this case
for an immediate status conference to establish a trial or
plea date.

It is So Ordered.

_____
MICHAEL A. PONSOR
U. S. District Judge