UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA        )
                                )
            v.                  ) 03-CR-30036-MAP
                                )
JOSE SANTOS                     )


              MEMORANDUM AND ORDER RE:
           DEFENDANT'S MOTION FOR RETROACTIVE
          APPLICATION OF SENTENCING GUIDELINES
                TO CRACK COCAINE OFFENSE
                     (Dkt. No. 112)

                     June 22, 2009

PONSOR, D.J.

   Defendant pled guilty to one count of conspiracy to distribute cocaine base in an amount of 50 grams or more, one count of substantive distribution of cocaine base in an amount of 50 grams or more, and one count of attempting to possess with intent to distribute powered cocaine in the amount of 500 grams or more.  The government filed an information to establish a prior conviction pursuant to 21 U.S.C. § 851, thereby increasing the minimum mandatory sentence in this case from 10 to 20 years.

   After unsuccessfully attempting to attack the constitutionality of the prior conviction, Defendant entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), contemplating a sentence of 15 years.

On June 26, 2006, the court imposed the agreed sentence of 180 months, with a supervised release term of five years and the forfeiture of $11,498.00 seized by the government.

On July 15, 2008, Defendant filed the motion currently before the court seeking a reduction of his sentence pursuant to certain Guideline amendments applied retroactively and relating to prosecutions involving crack cocaine. Under 18 U.S.C. § 3582(c)(2), a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move to reduce the term of imprisonment, and the court may effectuate such reduction "after considering the factors set forth in section 3553(a) to the extent they are applicable .. . ."

As the government's memorandum points out, virtually all the Circuits that have addressed the issue have concluded that an agreed sentence under Rule 11(c)(1)(C) is not "based on the Sentencing Guidelines" and is therefore not subject to reduction following the amendments to the crack guidelines. The Fourth Circuit alone in <u>United States v. Dewes</u>, 551 F.3d 2004 (4th Cir. 2008), has left the door open a crack in a situation where the trial judge's approval of the agreed sentence was clearly based upon the court's analysis and application of the Sentencing Guidelines. This court agrees

with the <u>Dewes</u> approach, as a matter of principle. Some cases may well arise where the Sentencing Guidelines played such a prominent role in the court's analysis of the appropriateness of the 11(c)(1)(C) sentence that an amendment of the Guidelines would justify a reduction of the sentence.

Unfortunately for Defendant in this case, the Guidelines played no significant role in the court's decision to approve the parties' agreed sentence. Defendant faced a virtually inevitable 20-year minimum mandatory sentence upon conviction, and the agreed 15-year sentence, as harsh as it was, represented a near miracle of advocacy on the part of Defendant's counsel and professionalism on the part of the Assistant U. S. Attorney. Of course, the court did not entirely disregard the Guidelines in determining that the sentence was appropriate, but it would be an exaggeration to say that the sentence was, in this instance, "based upon" the Sentencing Guidelines to any significant degree. A review of the transcript of the sentencing proceeding discloses not a single reference to the Sentencing Guidelines.

Under these circumstances, the court has no alternative but to rule adversely on Defendant's motion. The motion for retroactive application of the Guidelines to this case (Dkt. No. 112) is therefore hereby DENIED.

It is So Ordered.

        <u>/s/ Michael A. Ponsor</u>
        **MICHAEL A. PONSOR**
        **United States District Judge**